**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 16, 2012

No. 12-50379

Lyle W. Cayce
Clerk

MICHAEL A. SALAZAR,

Plaintiff-Appellant

v.

SEARS,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
No. 5:10-CV-539

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Michael A. Salazar asks us to reverse the district court's grant of summary judgment in favor of Defendant-Appellant Sears, Roebuck & Co., and to remand this matter for a jury trial. For the reasons that follow, we AFFIRM the district court's judgment.

From June 2007 until his termination in August 2009, Salazar worked in Sears' San Antonio call center. He had what can charitably be described as a rocky employment experience. After exhibiting inappropriate workplace behavior

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

on a number of occasions, Salazar—a homosexual man—gave a sexually explicit letter to a male co-worker. After an investigation, supervisors fired Salazar for violating Sears' written sexual harassment policy. Several months later, Salazar filed sex discrimination charges against Sears with the Equal Employment Opportunity Commission. After receiving a "right to sue" letter from the EEOC, Salazar brought suit against Sears in district court, alleging Title VII violations.

The matter was referred to the magistrate judge, who wrote a thorough report and recommendation that the district court grant summary judgment in Sears' favor. In sum, the magistrate judge concluded that Salazar had presented no evidence showing that he "was replaced by someone outside his protected class or was treated less favorably than similarly situated individuals outside his protected class," and had thus failed to make out a *prima facie* sex discrimination claim. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). She further concluded that even if Salazar had made out a *prima facie* case, he could not obtain relief because he had failed to raise a genuine issue of material fact as to Sears' legitimate, nondiscriminatory reason for terminating him—his violation of Sears' sexual harassment policy. *See Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). The district court adopted the report and recommendation, and granted Sears' summary judgment motion.

On appeal, Salazar raises a host of inapposite, incomprehensible, and erroneous arguments, many of which are squarely addressed in the report and recommendation. In particular, he incorrectly argues that because his behavior did not constitute sexual harassment under Title VII, Sears was not permitted to fire him pursuant to its own sexual harassment policy. *See Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) ("Title VII does not take away an employer's right to interpret its rules as it chooses."). Because Salazar has not remotely impugned any of the magistrate judge's conclusions

No. 12-50379

(which were adopted by the district court), we AFFIRM the district court's judgment in all respects.